RALPH W. HOLMAN vs. ANDREW L. KING.

Where a plaintiff alleged in his declaration that the defendant undertook to commence and prosecute a suit against A., in Georgia, for the recovery of a debt due from A. to the plaintiff, but so carelessly made a writ and instituted a process against A., that no judgment could be recovered against him, whereby the plaintiff wholly lost said debt; it was *held*, that the plaintiff might amend his declaration, by filing a new count, alleging that the defendant issued a writ against A., and procured an order for attaching his property to be issued by a magistrate having no authority, and caused a defective attachment bond to be prepared and executed in behalf of the plaintiff; in consequence of which, the superior court of Georgia dismissed the attachment of A.'s property, made on said writ, whereby the plaintiff lost said debt.

In the trial of an action by jury, when the claim or defence of a party depends on the construction of a statute of another State, the question of the construction given to the statute in that State is to be decided by the jury.

THIS was an action of assumpsit, commenced at the October term of the court of common pleas, 1841. The declaration originally contained three counts; the first for money had and received, and the second on an account annexed, for goods sold and delivered, and for board. The third count averred that the defendant, on the 28th of March 1840, at Brunswick in the State of Georgia, in consideration that the plaintiff would retain and employ him, as an attorney and counsellor of the courts in said State, to collect certain debts due to the plaintiff, and particularly to commence, conduct and prosecute an action against the firm of Hopkins & Stockton, for the recovery of $814·65, due to the plaintiff from said firm, for a reasonable reward to be therefor paid by the plaintiff, undertook and promised the plaintiff to institute said action in a skilful and diligent manner; that the plaintiff, confiding in said undertaking and promise, did retain and employ the defendant to make a writ against said Hopkins & Stockton, and to prosecute and conduct said action

on the terms aforesaid ; and the defendant accepted said retainer and employment, and afterwards, under and by virtue thereof, made a writ of attachment and commenced an action for the recovery of said sum of money, due from said Hopkins & Stockton to the plaintiff; and though the defendant ought to have instituted a process on which the property of said Hopkins & Stockton might have been attached, and judgment recovered against them, and might have so done, if he had used due diligence and care in preparing said writ, and taking care that the same was tested by the proper authority, or judge, or justice of the peace, and as the laws of Georgia require ; yet he did not make a sufficient writ, or institute such an action as would enable the plaintiff to obtain judgment thereon ; but so carelessly and negligently made said writ and instituted said action, that although property of said Hopkins & Stockton was attached, and said debt would have been secured and realized, if said writ had been properly made and tested, yet the defendant did not make such a sufficient writ, nor institute such process or action in which judgment could be recovered, but the sum of money aforesaid was wholly lost by the plaintiff, by and through the carelessness and negligence of the defendant, as aforesaid.

At the return term, the plaintiff had leave to amend his declaration, by filing a certain new count, and thereupon filed the same, without any objection then made by the defendant. In this count, the plaintiff set forth with particularity the measures pursued by the defendant in causing an attachment to be made of said Hopkins & Stockton's property, the dismissing of that attachment by the superior court of Georgia, for the causes which are hereinafter stated in the report of the trial.

At the time of the trial in the court of common pleas, October term 1842, the defendant's counsel objected to the new count, on the ground that it was for a new cause of action ; the third count charging the defendant with issuing such a writ and instituting such an action, that the plaintiff could not obtain judgment; and the new count setting forth the facts, and charging two defaults, viz. the obtaining of an order of attachment from an inferior magistrate, and the writing of a defective bond

This objection was overruled. The plaintiff then offered evidence tending to prove the correctness of the account annexed to the writ. It was also proved or admitted, that the defendant, at the time alleged, was a practising attorney in Brunswick, in the State of Georgia; that he was employed by the plaintiff, and undertook to collect the said debt of the plaintiff against Hopkins & Stockton; that he caused proceedings to be instituted, and an attachment to be made of their property, sufficient to secure said debt; that said attachment was dismissed by the superior court of Georgia, and that said debt was thereby wholly lost, because the order, purporting to authorize said attachment, was issued by a judge of the inferior court, returnable before the superior court, and because the penal sum in the bond given on that occasion was less than double the sum sworn to be due to the plaintiff, when, by statutes of Georgia, the penal sum of such bond is required to be not less than double such sum. (See Prince's Digest of the Laws of Georgia, (2d ed.) 30, 31, 40, 41 42.)

Evidence was also given, tending to prove that the defendant prepared all the papers in that case, viz. the original petition or statement of the plaintiff's claim; the affidavit of debt, sworn to by the plaintiff's agent; and the aforesaid bond; that the defendant directed from whom the order for the attachment should issue; and that it was usual and according to the practice in Georgia, for attorneys, when they undertake the collection of debts, to attend to these preliminary matters, and to prepare the necessary papers.

A copy of all these papers and of all the proceedings, the judgment of the superior court of Georgia, dismissing said attachment, and so much of the statutes of Georgia on this subject as either party deemed material, were read to the jury. The depositions of distinguished practising lawyers in Georgia, relating to the practice of the law in that State, and the construction given to the statutes regulating attachments, were also read.

The court instructed the jury, among other things, that if the defendant had erred in a doubtful matter, or had mistaken the true meaning of a statute which was of a doubtful construction,

he would not be liable for a loss, if one should be incurred there-by. But if the plaintiff had suffered a loss by reason of the want of the exercise of reasonable care, diligence and skill on the part of the defendant, or by reason of his gross negligence in a matter in which he had undertaken to act, he was liable in damages.

The counsel for the defendant moved the court to instruct the jury, as matter of law, that a judge of the inferior court had authority, by the laws of Georgia, to issue an attachment return-able to the superior court; and also that though the statute of Georgia does require that the bond be given in a penal sum at least equal to double the sum sworn to be due, yet that the attor-ney who prepared such bond for the plaintiff's agent to sign was not liable; but that the magistrate or judge who took such defective bond was alone liable for its defects. The court refused to give such instructions; but, on the first point, in-structed the jury, that the authority of the magistrate, by the laws of Georgia, was a question for them to determine, upon the evidence in the case; and on the second point, that though the magistrate or judge who received such bond might be liable — a question not then before them — yet if they were satisfied, from all the evidence in the case, that the defendant did not use reasonable care in preparing the bond aforesaid, he would be li-able, if that was a part of his duty as an attorney — of which the jury were to judge from the evidence; and that he would also be liable for the want of reasonable care in any other part of the said business.

The jury returned a verdict for the plaintiff, and the defend-ant alleged exceptions to the decisions and instructions of the court.

*J. P. Rogers,* for the defendant.

*Washburn,* for the plaintiff.

WILDE, J. We think it quite clear, that the exceptions taken by the defendant's counsel in this case cannot be sus-tained. The new count, filed by leave of court, was not founded on any new cause of action. It only set out the alleged negligence of the defendant more fully than it was alleged in the first count; and such amendment was unques-

tionably allowable, and would have been before the Rev. Sts. *c.* 100, § 22, which authorize the court to allow amendments in substance as well as form, in the pleadings in any civil action, before judgment rendered.

It is equally clear, that the instructions given to the jury were entirely correct, and that the instructions which the defendant's counsel requested to be given could, on no principle of law, be sustained.    The court was requested to decide authoritatively what was the law of the State of Georgia, as to the matter in issue between the parties.    This the court declined to do ; and the question was left to the jury to decide, as a fact, with such instructions to assist them in ascertaining and applying the law, as were deemed proper, and to which there is no objection. That foreign laws, whether written or unwritten, are to be proved as facts, is well established ; the only difference is as to the mode of proof.    *Mostyn* v. *Fabrigas,* Cowp. 174.    *Male* v *Roberts,* 3 Esp. R. 164.    *Millar* v. *Heinrick,* 4 Campb. 155 *Haven* v. *Foster,* 9 Pick. 130.    And the same rule of law is applicable to the construction of foreign statutes.    The question for the jury to decide was, what had been the construction given to the statute, as to this case, by the court in the State of Georgia ; for this case is to be decided in the same manner as it would be decided if it had been commenced and tried in that State.

*Exceptions overruled.*